No. 744

First Circuit

BATON ROUGE YELLOW CAB CO. v. COX ET AL.

(March 3, 1931. Opinion and Decree.)

Jess Johnson, of Baton Rouge, attorney for plaintiff, appellant.

Dudley L. Weber, of Baton Rouge, attorney for defendant, appellee.

LeBLANC, J. Plaintiff appeals from a judgment in the district court which dismissed its suit against one of the defendants, Lynn W. Cox, on an exception of no cause of action.

In its petition, plaintiff alleges that it is engaged in the business of operating automobiles and taxicabs for transportation of passengers for hire, and that in addition thereto, it also rents and leases automobiles to persons for their own use under what is referred to as the "drive-yourself" plan. The latter part of its business is conducted under a form of rental agreement which has to be signed by the party who hires the automobile. The agreement entered into in this case with the defendant Cox, is especially referred to and pleaded by the plaintiff and is annexed to its petition as forming part thereof.

As we read the petition, plaintiff's cause of action is primarily one arising out of a tort. It is specifically alleged that the damages sought to be recovered were caused by a collision between the rented car which Cox was driving and a log truck belonging to Lonnie Bickford which was at the time in the possession of and being driven by Johnnie Bickford. The two Bickfords are the other defendants, and the only charges of negligence we find in the petition are those of careless and reckless driving on the part of Johnnie Bickford. These two defendants made no appearance in the lower court and judgment was rendered against them by default.

If the plaintiff has a cause of action against the defendant Cox, it is clearly one arising ex contractu, and is to be measured according to the terms of the contract annexed to its petition.

Pretermitting the question as to whether the two actions may be joined in the same petition, as it appears to have been waived by the defendant Cox's exception of no cause of action as against him, we pass immediately to a discussion of the issue presented under the exception.

The contract of lease contains a provision to the effect that the lessee will use and drive the automobile in a careful and prudent manner and return it to the lessor in the same condition in which he received it, or pay for any damage done to same, ordinary use and wear excepted. That stipulation imposes the same obligation on the lessee that the law under Revised Civil Code, article 2711, does. Under the terms of that article, if the lessee makes another use of the thing than that for which it was intended, among other of his obligations, is that of his liability "for all the losses which the owner may have sustained through his misconduct."

It is especially noted that the plaintiff's petition does not charge the defendant with any violation of his duty as lessee under that portion of the contract referred to which after all imposes on him merely the obligation we find provided for in the article of the Civil Code mentioned above. It contains no statement which might be construed into an allegation that he was using the automobile for any purpose other than that for which it was intended, nor does it aver any misconduct on the part of the lessee. The whole tenor of the petition, on the contrary, seems to absolve him from any fault or negligence in the driving of the car. It is specifically stated in paragraph 5 that Johnnie Bickford "carelessly and recklessly drove the said log-truck into the extension of North Boulevard just as the said Lynn W. Cox was driving the said Tudor Ford sedan belonging to your petitioner past the said intersection, and that the said log-truck struck the said Tudor Ford sedan on its north, or right side causing damage to the said, Tudor Ford sedan in the sum of Two hundred and 00/100 Dollars * * *." Certainly no inference can be drawn from that allegation that the defendant Cox was not using the car in a careful and prudent manner or that its owner sustained any loss or damage through any misconduct on his part. Viewed from this point, the petition fails to disclose a cause of action.

In an endeavor, as we take it, to show a cause of action on another ground against this defendant, the plaintiff in paragraph 6 of its petition makes the further allegation:

"That defendant Lynn W. Cox did not return the said automobile to the said petitioner as he was obliged to do under the said contract, but defendant Lynn W. Cox abandoned the damaged car and notified your petitioner, whereupon petitioner took possession of its automobile and promptly called upon said Cox to have the damages repaired or pay for same, which he has failed and refused to do."

The clause of the contract invoked in connection with this allegation, binds the lessee, "in case of any accident or mechanical trouble in connection with the use or operation of the automobile, to notify the lessor immediately by telephone and in writing," giving details of the accident, etc. In view of plaintiff's admission that it was notified by the defendant Cox of the accident, it is difficult to understand on what theory he can be held for a violation of his obligation under that clause of the contract. Plaintiff's admission to that effect, on the contrary, indicates affirmatively a ready compliance on his part with its terms.

Under no contention presented, or which appears to us, do we find that the plaintiff's petition shows a cause of action against this defendant, and we are of the opinion that the judgment of the lower court which sustained the exception filed on his behalf and dismissed the plaintiff's suit, is correct and should be affirmed.